UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JORGE ROSADO,

                Plaintiff,

     -against-

CAPITAL ONE BANK (USA), N.A.,
DEPARTMENT STORES NATIONAL BANK,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES LLC, and
TRANS UNION LLC,

                Defendants.
------------------------------------------------------------------x

**1:16-cv-1673**
**COMPLAINT**

       The plaintiff JORGE ROSADO, by his attorneys Mallon Consumer Law Group PLLC, brings this action against defendants CAPITAL ONE BANK (USA), N.A.; DEPARTMENT STORES NATIONAL BANK; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and TRANS UNION LLC and alleges as follows, upon information and belief:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages and statutory attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* ("Fair Credit Reporting Act" or "FCRA"), New York General Business Law § 380 *et seq.* (the "New York Fair Credit Reporting Act" or "NY FCRA"), and 15 U.S.C. § 1692, *et seq.* ("Fair Debt Collections Practices Act" or "FDCPA").

2. The plaintiff was a victim of identity theft and multiple fraudulent credit accounts were opened in his name, charges were incurred and not paid, and the negative information of the unpaid accounts appeared on his credit reports. Plaintiff disputed the reporting of these

fraudulently opened accounts to the credit reporting agencies on multiple occasions. The bank defendants deleted some of the accounts, but verified others to the credit reporting agency defendants, which continued to report the accounts. The presence of the negative information on plaintiff's credit reports prevented him from obtaining credit, including mortgages and credit cards.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has diversity jurisdiction over the state law claims under 28 U.S.C. § 1332 as well as supplemental jurisdiction of those state law claims asserted herein under 28 U.S.C. § 1367(a). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. The plaintiff is an individual residing in the Bronx, NY and is a "consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)].

5. Defendant Capital One Bank (USA), National Association, ("Capital One") is a bank headquartered in Glen Allen, Virginia.

6. Defendant Department Stores National Bank ("DSNB") is a bank headquartered in Sioux Falls, South Dakota.

7. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)] and the NY FCRA [NY GBL § 380-a(e)].

8. Defendant Equifax Information Services LLC ("Equifax") is a Georgia corporation, duly authorized and qualified to do business in the State of New York.  Equifax is a "consumer

reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)] and the NY FCRA [NY GBL § 380-a(e)].

9.  Defendant Trans Union LLC ("Trans Union") is a Delaware corporation, duly authorized and qualified to do business in the State of New York and a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)] and the NY FCRA [NY GBL § 380-a(e)].

## FACTUAL BACKGROUND

10.  The plaintiff is a victim of identity theft. The plaintiff's personal identification information has repeatedly been used by an identity thief to open a variety of credit card accounts over the past several years.

11.  In 2007 and 2008, an identity thief applied for and received credit card accounts using the plaintiff's identifying information.

12.  Plaintiff did not have any credit card accounts before the identity thief opened these accounts. Plaintiff's only loans prior to the identity theft were student loans.

13.  Among the accounts opened by the identity thief were credit card accounts with Capital One, Bank of America, Citibank, Credit One Bank, DSNB/Macy's, and General Electric Money Bank/Lowe's.

14.  Plaintiff never authorized nor utilized the subject credit card accounts, or benefitted from their use in any manner. The identity thief failed to make payments for the charges incurred on the subject accounts.

15.  Two of these fraudulent accounts were charged off and assigned to Midland Funding, a debt collector.

16.  The negative credit history provided by Capital One, Bank of America, Citibank, Credit One Bank, DSNB/Macy's, General Electric Money Bank/Lowe's, and Midland Funding was

reported on Plaintiff's credit reports by Experian, Equifax, and Trans Union.

## FACTS RELATED TO TRANS UNION

17. Plaintiff obtained a copy of his Trans Union credit report on December 29, 2014. The report included a number of delinquent credit card accounts that did not belong to the plaintiff, and which the plaintiff believes were opened by an imposter utilizing the plaintiff's identifying information. Among the fraudulently opened accounts were delinquent and charged-off credit card accounts with Capital One, Credit One Bank, Citibank, and DSNB/Macy's.

18. The report also included debt collection accounts that did not belong to the plaintiff, including Convergent Outsourcing (collecting a T-Mobile account) and Portfolio Recovery Associates (collecting the delinquent Capital One account), credit inquiries that the plaintiff never authorized, and addresses and phone numbers that never belonged to the plaintiff.

19. Plaintiff notified Trans Union that he had been a victim of identity theft, and disputed the presence of the Capital One and DSNB/Macy's accounts on his report.

20. Trans Union sent two letters to plaintiff dated March 11, 2015. The first letter stated that Trans Union would place an Extended Fraud Alert for seven years on plaintiff's credit report.

21. The second letter stated that Trans Union was refusing to block the fraudulent accounts because it claimed the request was missing essential personal identifying information or account-specific information. However, Trans Union's letter failed to inform the plaintiff what information was missing or what further information it needed to block the reporting of the fraudulent accounts opened by the identity thief.

22. On March 13, 2015, Trans Union sent its dispute investigation results in response to the plaintiff's dispute to him. Trans Union deleted the fraudulent Capital One account, but continued to report the DSNB/Macy's account.

23.  On or around May 11, 2015, plaintiff sent a letter to Trans Union, informing them that he was a victim of identity theft. In this letter, Plaintiff disputed the fraudulent Credit One, DSNB/Macy's, and DSNB/Bloomingdale's accounts and a number of incorrect names and a wrong telephone number appearing on his report.

24.  The letter also included a copy of a police report plaintiff filed regarding the fraudulently opened accounts.  By including a police report with his dispute, Trans Union was required to "block" the fraudulent accounts from appearing on plaintiff's credit report no later than 4 business days after receiving the letter unless it reasonably determined that the accounts actually belonged to the plaintiff.

25.  Trans Union notified the plaintiff via letter on May 19, 2015 that it was refusing to block the fraudulent accounts because it claimed that the request was missing essential personal identifying information or account specific information – despite the fact that plaintiff's dispute letter included his name, social security number, date of birth, address and complete information on each of the disputed accounts. The letter did not indicate what information was missing or what information Trans Union would require to block the reporting of the fraudulent accounts which did not belong to the plaintiff..

26.  On May 28, 2015, Trans Union sent the plaintiff dispute investigation results from the May 19 dispute. Trans Union stated that the DSNB/Bloomingdale's account was no longer on the Plaintiff's file, but that it would continue to report the DSNB/Macy's account. Trans Union did not address Plaintiff's dispute of the Credit One account, but did not include it on the credit report provided with the investigation results.

## FACTS RELATED TO EQUIFAX

27.  Plaintiff obtained a copy of his Equifax credit report on February 28, 2011. The report

included a number of delinquent credit card accounts that did not belong to the plaintiff, and that the plaintiff believes were opened by an imposter utilizing plaintiff's identifying information. Among the fraudulently opened accounts were delinquent and charged-off credit cards with Capital One, Bank of America, Credit One Bank, Citibank, GEMB/Lowe's, and DSNB/Macy's.

28.  The report also included two debt collection accounts that did not belong to the plaintiff (Midland Credit Management and a collections account reported by Verizon Wireless) along with a number of inaccurate addresses that have never been associated with the plaintiff.

29.  From 2011 to 2015, plaintiff attempted on numerous occasions to obtain another copy of his credit report from Equifax, but Equifax repeatedly refused to provide him with a copy of his report.

30.  Plaintiff faxed a letter to Equifax on or around May 11, 2015. In this letter, he explained that he was a victim of identity theft, and he disputed the reporting of the accounts of Capital One, Bank of America, Citibank, Credit One, DSNB/Macy's, GEMB/Lowe's, Midland Credit Management, DSNB/Bloomingdale's, and Verizon Wireless. Plaintiff also disputed an incorrect names and telephone number appearing on his report.

31.  The letter also included a copy of a police report plaintiff filed regarding the fraudulently opened accounts. By including a police report with his dispute, Equifax was required to "block" the fraudulent accounts from appearing on plaintiff's credit report within four business days of receiving the letter unless it reasonably determined that the accounts actually belonged to the plaintiff.

32.  Equifax responded to the plaintiff's dispute in writing on May 17, 2015. Equifax refused to block the fraudulent accounts opened by the identity thief and failed to provide a reason for its refusal to block the fraudulent accounts.  Instead, Equifax stated that it would contact each

creditor in response to the plaintiff's dispute.

33. Equifax sent its investigation results to the plaintiff on May 25, 2015. Equifax deleted the fraudulently opened DSNB/Bloomingdale's account, but stated that it would continue to report that the Capital One and DSNB/Macy's accounts belonged to plaintiff.

## FACTS RELATED TO EXPERIAN

34. Plaintiff notified Experian that he had been a victim of identity theft in In January 2015, and he disputed fraudulently opened derogatory accounts with Capital One, Credit One Bank, Citibank, and DSNB/Macy's appearing on his Experian report.

35. On March 12, 2015, Experian sent a letter to the plaintiff, stating that Experian would place an Extended Fraud Alert on plaintiff's credit report for seven years.

36. On or around May 11, 2015, Experian produced another credit report and sent it to the plaintiff. In this report, Experian continued to report the fraudulently opened credit card accounts with Capital One, Credit One Bank, and DSNB/Macy's, despite the plaintiff's dispute. The report also contained several incorrect addresses that had never been associated with the Plaintiff, and several unauthorized inquiries into plaintiff's credit report.

37. Plaintiff sent Experian another dispute, in writing, immediately after receiving the May 11 report, once again explaining that he was a victim of identity theft. The letter disputed the reporting of the accounts by Capital One, Credit One, DSNB/Macy's, and DSNB/Bloomingdale's, as well as the incorrect addresses and unauthorized inquiries on his credit report.

38. Plaintiff included with his dispute a copy of a police report plaintiff filed regarding the fraudulently opened accounts. By including a police report with his dispute, Trans Union was required to "block" the fraudulent accounts from appearing on plaintiff's credit report within

four business days of receiving the letter unless it reasonably determined that the accounts actually belonged to the plaintiff.

39.  Experian responded to the dispute on May 21, 2015 by refusing to "block" the fraudulent accounts, instead asking that plaintiff send in a police report and identifying information – which he had already done.

40.  On June 1, 2015, Experian sent its dispute investigation results from the plaintiff's May 11 dispute.  Experian deleted the fraudulently opened Credit One and DSNB/Bloomingdale's accounts, but continued to report the Capital One and Macy's accounts. Experian also continued to report numerous incorrect addresses disputed by the plaintiff.

**FACTS RELATED TO PLAINTIFF'S DAMAGES**

41.  Plaintiff has been attempting to obtain a mortgage for the last few months. After the credit reporting agency defendants verified and continued to report the fraudulently opened accounts, the plaintiff applied for mortgages on a number of occasions. The banks to whom plaintiff applied saw his credit reports prepared by Equifax, Experian, and Trans Union, which contained the fraudulent, negative accounts opened by identity thieves and reported to the credit reporting agency defendants by Capital One and DSNB/Macy's. Plaintiff's applications for credit were denied and the inaccurate derogatory information on the plaintiff's credit reports was, at the minimum, a substantial factor in those credit denials.

42.  As a direct and proximate result of the defendants' actions, conduct, and omissions, the plaintiff suffered actual damage including, but not limited to, denial of credit (including a mortgage), damage to his reputation, emotional distress, aggravation, wasted time, and frustration.

## AS AND FOR A FIRST CAUSE OF ACTION
VIOLATION OF THE FCRA
AGAINST ALL DEFENDANTS

43. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

44. Experian, Equifax, and Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

45. Such reports falsely stated that the plaintiff had opened accounts with Capital One, Bank of America, DSNB, and Credit One Bank, and failed to pay charges incurred on those accounts. Experian, Equifax, and Trans Union knew, or should have known, that the reports contained erroneous information.

46. Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the plaintiffs or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

47. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the subject fraudulent accounts described above within five days of receiving plaintiff's disputes that included an identity theft report.

48. Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of the plaintiff's disputes of fraudulently opened accounts and failing to consider all relevant information regarding the dispute provided by the plaintiff.

49. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) failed to review and consider all relevant information submitted by the plaintiff regarding his dispute in violation of 15 U.S.C. § 1681i(a)(4).

50. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed derogatory information from the plaintiff's file after failing to verify the completeness and accuracy of that information.

51. Defendants Capital One and DSNB willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations of the plaintiff's disputes and by failing to review all relevant information regarding the dispute.

52. Defendants Capital One and Department Stores National Bank failed to review all relevant information regarding the dispute while conducting its investigation in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

53. Experian, Equifax, and Trans Union each published credit reports regarding the plaintiff on multiple occasions containing negative and inaccurate information after the plaintiff disputed the information. The inaccurate reports caused the plaintiff economic harm via credit denials, limiting his opportunities for credit, damaging his reputation, and causing him emotional distress.

54. Defendants are thus liable to the plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

## AS AND FOR A SECOND CAUSE OF ACTION
VIOLATION OF THE NY FCRA
AGAINST EXPERIAN, EQUIFAX, AND TRANS UNION

55. Defendants Experian, Equifax, and Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in NY GBL § 380-a(c)(1).

56. Such reports erroneously contained fraudulent, delinquent accounts that did not belong to the plaintiff. Defendants knew, or should have known, that the reports contained erroneous information in violation of NY GBL § 380-j(a)(3).

57. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) failed to maintain reasonable procedures designed to assure maximum possible accuracy of their reports, in violation of NY GBL 380-j(e).

58. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated NY GBL § 380-f by failing to conduct a reasonable reinvestigation of the plaintiff's disputes of the fraudulent accounts.

59. Defendants Experian, Equifax, and Trans Union published credit reports regarding the plaintiff on multiple occasions which erroneously contained fraudulent and delinquent accounts that did not belong to the plaintiff, causing the plaintiff economic harm via credit denials, limiting his opportunities for credit, and damaging his reputation and causing him emotional distress.

60. Defendants Experian, Equifax, and Trans Union are thus liable to the plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees pursuant to NY GBL §§ 380-l and 380-m.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

        Respectfully submitted,

Dated: March 4, 2016

        _____
        Sameer S. Birring
        MALLON CONSUMER LAW GROUP PLLC
        One Liberty Plaza, Suite 2301
        New York, NY 10006
        (646) 759-3662
        Attorneys for the Plaintiff